# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **V.** | § § | **CRIMINAL NO. 4:17-cr-558-1** |
| **ANDREW CECIL EARHART SCHNECK, DEFENDANT** | § § § § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS FOR DISCOVERY

COMES NOW, the United States of America, by and through Abe Martinez, Acting United States Attorney, and S. Mark McIntyre, Assistant United States Attorney, for the Southern District of Texas, and files its response to the above-named Defendant's Motions for Discovery, as follows:

I.

The United States will comply with the discovery requests of the Defendants insofar as they are consistent with Rule 16, Federal Rules of Criminal Procedure, Rule 26.2, Federal Rules of Criminal Procedure, and Title 18, United States Code, Section 3500.

II.

The United States will make available, pursuant to Rule 16(a)(1)(A), Federal Rules of Criminal Procedure, any written or recorded statements of the Defendant, or copies thereof, within the Government's possession, custody or control; and the substance of any of the Defendant's oral statements made to persons known by him to be federal agents, which statements the Government intends to offer into evidence at trial. The United States will make the investigative reports

available to counsel for their review.

III.

The United States will make available, pursuant to Rule 16(a)(1)(D), such copies of the Defendant's prior criminal record, if any, which are in the possession, custody or control of the government, or by exercise of due diligence may become known to the attorney for the government.

IV.

The United States will make available, pursuant to Rule 16(a)(1)(E), any photographs, books, papers, documents, tangible objects, and tape recordings for inspection and copying, which documents and tangible objects are in the possession, custody or control of the government, and which are material to the preparation of the defense or may be used by the government in its case-in-chief at trial, or were obtained from the Defendant.

V.

The United States will make available for inspection and copying, pursuant to Rule 16(a)(1)(F), any results or reports of scientific tests or experiments which are in the care, custody or control of the government, or by exercise of due diligence may become known to the attorneys for the government, and which are material to the preparation of the defense, or are intended for use by the government in its case-in-chief at trial.

VI.

The government will provide notice of expert witnesses that are expected to be called in the Government's case in chief pursuant to Rule 16(a)(1)(G).

VII.

The United States respectfully declines to tender a list of persons interviewed by the Government, or names and addresses of such persons.  *See United States v. Edmonson*, 659 F.2d

549, 550 (5th Cir. 1981); *United States v. Reis*, 788 F.2d 54, 56 (1st Cir. 1986).   The Government will abide by Appendix C, Section J, Local Rules of the United States District Court for the Southern District of Texas, and will file with the Court immediately prior to trial a list of witnesses whom the government expects may testify in the case in chief.

## VIII.

The United States will tender prior to trial grand jury transcripts of witnesses that the government expects to call.   Grand Jury testimony is specifically addressed in Section 3500, which provides the means whereby such testimony may be discovered by the defense, that is, at the time of trial when that witness testifies.   The government, however, will voluntarily provide Jencks Act material prior to trial, even though no such requirement exists, and, accordingly, the government opposes an order requiring early release.   *See United States v. Campagnuolo*, 592 F.2d 852, 885 (5th Cir. 1979).   The government will voluntarily allow defense counsel to review copies of the investigative reports, which is more than is required by the Jencks Act.

## IX.

The United States is aware of the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will provide such notice to the Defendant if the government intends on offering extrinsic evidence pursuant to this rule.

## X.

The United States will comply with its obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.   The United States acknowledges that Brady material covers exculpatory evidence as well as impeachment evidence as contemplated by *United States v. Bagley*, 473 U.S. 667 (1985).   The United States respectfully declines to provide original notes of agents involved in this case.   The Fifth Circuit (as well as the Sixth, Eighth, and Tenth Circuits) have no requirement that rough or original notes

be retained or made available for discovery purposes. *United States v. Jimenez*, 484 F.2d 91, 92 (5th Cir. 1973); *United States v. Cole*, 634 F.2d 866, 868 (5th Cir.), *cert. denied*, 452 U.S. 918 (1981); *United States v. Edwards*, 702 F.2d 529, 531 (5th Cir. 1983); *United States v. Frederick*, 583 F.2d 273, 274 (6th Cir. 1978), *cert. denied*, 444 U.S. 860 (1979); *United States v. Kuykendall*, 633 F.2d 118, 119 (8th Cir. 1980); *United States v. Shovea*, 580 F.2d 1382, 1389 (10th Cir. 1978), *cert. denied*, 440 U.S. 908 (1979). Should the government become aware of exculpatory or mitigating evidence contained in witness statements or agent notes or reports, counsel for the Defendant will be notified.

XI.

At the present time, the United States does not intend to offer evidence under the hearsay exception set out in Rule 807 of the Federal Rules of Evidence. If this changes, the United States is aware of the requirements of these rules to provide notice to the defendant and will comply with those requirements.

XII.

The United States will make available any promises, inducements or plea agreements made with any witness that the government intends on calling during the trial of this cause and the prior criminal record of any witness it has reason to suspect may have a criminal history, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).

XIII.

Insofar as the Defendant requests "discovery" which is inconsistent with the obligations of the government pursuant to Rules 16 and 26.2, Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*, *supra*; and *Giglio v. United States*, *supra*, the United States respectfully declines to tender such information. See *United States v. Nixon*, 777 F.2d 958, 969 (5th Cir. 1985).

XIV.

The United States is cognizant of its continued duty to disclose newly located discoverable evidence or material previously requested, as mandated by Rule 16(c), Federal Rules of Criminal Procedure, and will comply.

        Respectfully submitted,

        Abe Martinez
        Acting United States Attorney

        /s/ S. Mark McIntyre
By:  S. Mark McIntyre
       Assistant United States Attorney
       (713) 567-9000

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 4:17-cr-558-1** |
| | § | |
| **ANDREW CECIL EARHART SCHNECK,** | § | |
| **DEFENDANT** | § | |
| | § | |

## ORDER

HAVING CONSIDERED the various Motions for Discovery filed by the Defendant, and the Response to those Motions filed by the United States,

IT IS HEREBY ORDERED that Defendant's Motions, except as answered, are DENIED.

SIGNED on this _____ day of _____, 2017.

_____
HONORABLE EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Government's Response to Defendant's Various Motions for Discovery was served to the Defendant's attorneys via electronic filing on this the <u>19th</u> day of October, 2017.

                                          /s/ S. Mark McIntyre
                                          S. Mark McIntyre
                                          Assistant United States Attorney